UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT D. GERATHY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No. 04-139-P-S |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question whether substantial evidence supports the commissioner's determination that the plaintiff, who alleges that he is disabled by depression, anxiety and a personality disorder, is capable of performing work existing in significant numbers in the national economy. I recommend that the decision of the commissioner be vacated and the case remanded for further development.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had an affective disorder and an anxiety-related disorder, impairments that were severe but did not meet or equal any listed in Appendix 1 to Subpart

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on May 19, 2005, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

P, 20 C.F.R. § 404 (the "Listings"), Finding 3, Record at 41; that he retained the residual functional capacity ("RFC"), *inter alia*, to carry out simple, non-complex, occasionally detailed instructions, tolerate routine supervision and do work involving occasional coordination of activities with co-workers, Finding 5, *id*.; that, based on an exertional capacity for medium work and the plaintiff's age (49, a "younger individual"), educational background (at least a high-school education) and work experience (skilled), Rule 203.29 of Table 3, Appendix 2 to Subpart P, 20 C.F.R. § 404 (the "Grid") would direct a finding of "not disabled," Findings 8-11, *id*.; that, using the Grid as a framework for decision-making, a finding of "not disabled" was reached, Finding 12, *id*.; and that the plaintiff therefore was not under a disability at any time through the date of decision, Finding 13, *id*.[2] The Appeals Council declined to review the decision, *id*. at 4-6, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987);

---

[2] The plaintiff had acquired sufficient quarters of coverage to remain insured for purposes of SSD through at least December 31, 2006. *(continued on next page)*

*Goodermote*, 690 F.2d at 7.  The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff contends that the administrative law judge erred in (i) assessing, without benefit of expert assistance, his mental impairments "apart from the effect of marijuana use" and (ii) impermissibly discounting the opinion of examining consultant James M. Moran, Ed.D., and treating counselor Mary Williams, LCSW, that his ability to maintain concentration, persistence or pace was moderately to markedly impaired.  *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (Docket No. 6) at 6-9.  I agree.

## I.  Discussion

The plaintiff, a Bowdoin College graduate and former radio broadcaster, *see* Record at 287, 333, has a long-standing history of both depression and marijuana usage, *see, e.g., id*. at 235-37.  In applying the commissioner's prescribed psychiatric review technique, the administrative law judge found that his "depression and anxiety, apart from the effects of marijuana use," mildly restricted his activities of daily living, moderately affected his social functioning, and moderately affected his ability to maintain concentration, persistence and pace.  *See id*. at 39; *see also* 20 C.F.R. § 404.1520a(c)(4).³  This finding alluded to a provision of the Contract with America Advancement Act of 1996 ("Contract with America") that "eliminated disability benefits where drug addiction or alcoholism was a contributing factor material to the Commissioner's determination of disability."

_____

*See* Finding 1, Record at 40.

³ This paragraph of the decision twice repeats the finding of moderate limitation in social functioning and omits any mention of concentration, persistence or pace.  *See* Record at 39.  However, it is reasonably apparent from the context in which that statement is made that the administrative law judge meant to find a moderate restriction in concentration, persistence or pace rather than simply repeating his finding regarding social functioning.  *See id*. ("Although Ms. Williams and Dr. Moran indicated that the claimant's ability to maintain concentration is more severely restricted than the moderate degree assessed above, the claimant's counselor acknowledges *(continued on next page)*

3

*Bartley v. Barnhart*, 117 Fed. Appx. 993, 994 (6th Cir. 2004) (citation and internal quotation marks omitted); *see also* 42 U.S.C. § 423(d)(2)(C).

That Contract with America directive was in turn incorporated into the agency's regulations, which provide in relevant part:

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
>
> (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. § 404.1535(b).

As the plaintiff points out, *see* Statement of Errors at 6-8, the administrative law judge's handling of the marijuana matter is erroneous in several respects:

1.  He should not have reached the issue until after making a determination, pursuant to the five-step sequential-evaluation process, whether the plaintiff was disabled taking into consideration the impact of all impairments (marijuana-induced or not). *See id*. at 6 n.6; *see also, e.g., Brueggemann v. Barnhart*, 348 F.3d 689, 694 (8th Cir. 2003) ("The plain text of the relevant regulation requires the ALJ first to determine whether Brueggemann is disabled. The ALJ must reach

_____

that Mr. Gerathy can readily complete one or two step tasks.") (citation omitted).

4

this determination initially, as the ALJ did in *Fastner v. Barnhart,* 324 F.3d 981, 986 (8th Cir. 2003), using the standard five-step approach described in 20 C.F.R. § 404.1520 without segregating out any effects that might be due to substance use disorders.") (citations and footnote omitted); *Brown v. Apfel*, 71 F. Supp.2d 28, 35 (D.R.I. 1999), *aff'd*, 230 F.3d 1347 (1st Cir. 2000) (same).

      2.      His implicit finding that the plaintiff's level of functioning is, or would be, greater in the absence of marijuana usage is unsupported by medical evidence of record. *See* Statement of Errors at 6-8. The issue simply never was addressed either by the commissioner's consultants, *see* Record at 172-75 (consultative-examination report dated July 19, 2002 by Dr. Moran); 176-93 (psychiatric review technique form ("PRTF") dated August 1, 2002 and accompanying mental residual functional capacity ("MRFC") assessment by non-examining Disability Determination Services ("DDS") consultant Thomas A. Knox, Ph.D.);[4] 194-211 (PRTF and MRFC assessment dated January 3, 2003 by non-examining DDS consultant David R. Houston, Ph.D.); 274-80 (consultative-examination report dated December 9, 2003, and MRFC assessment dated December 22, 2003, by Dr. Moran), or the plaintiff's treating practitioners, *see, e.g., id*. at 143 (treatment summary dated May 30, 2002 by Ronald Feintech, Ph.D.); 259-73 (MRFC assessment dated September 17, 2003 and PRTF dated September 16, 2003 by Williams). As a layperson, the administrative law judge was not, himself, competent to make such an assessment. *See, e.g., Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) ("As a lay person . . . the ALJ was simply not qualified to interpret raw medical data in functional terms and no medical opinion supported the determination.").[5]

---

[4] Dr. Knox neglected to sign or date his MRFC report. *See* Record at 192. Nonetheless, counsel for the commissioner agreed at oral argument that it was a fair inference that he authored the document, apparently at approximately the same time as his PRTF.

[5] As the plaintiff acknowledges, *see* Statement of Errors at 7-8, one of his treating practitioners, Sarah Street Taylor, N.P., made a notation from which one could infer that marijuana had a negative impact on him: "Continue to abstain from marijuana[,]" Record at 258. However, as the plaintiff argues, *see* Statement of Errors at 8, this observation cannot stand as substantial evidence that marijuana usage had a particular, quantifiable impact on his functioning.

As the plaintiff observes, *see* Statement of Errors at 7 n.8, the utter lack of medical evidence supporting the administrative law judge's materiality finding distinguishes this case from *Lord v. Massanari*, 76 Soc. Sec. Rep. Serv. 558 (D. Me. 2001) (rec. dec., *aff'd* Dec. 19, 2001), in which this court upheld the commissioner's determination that, with the effects of alcohol abuse factored out, the plaintiff was capable of resuming past relevant work.[6]

3. The administrative law judge dismissed Williams's and Dr. Moran's 2003 findings concerning the plaintiff's concentration, persistence or pace on two bases, one of which was that neither practitioner addressed the impact of the plaintiff's marijuana usage on his functionality. *See* Record at 39.[7] As the plaintiff suggests, *see* Statement of Errors at 8, this simply is not a rational basis on which to dismiss these reports. None of the consultants (including those whose reports the administrative law judge apparently credited, such as Drs. Knox and Houston) addressed the marijuana issue. In any event, the administrative law judge himself commissioned the second Moran report after indicating on the record, at hearing, that he saw the marijuana issue essentially as a non-

---

[6] I am mindful that a claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his or her disability. *See, e.g., Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999); *accord Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). However, in this case, the plaintiff came forward with such evidence in the form of his hearing testimony. *See, e.g.*, Record at 323-26. That having been done, it was incumbent upon the administrative law judge to support a finding on this issue, as on others, with substantial evidence. *See, e.g., Brueggemann*, 348 F.3d at 695 ("We have previously noted that when the claimant is actively abusing alcohol or drugs, this determination will necessarily be hypothetical and therefore more difficult than the same task when the claimant has stopped. Even though the task is difficult, the ALJ must develop a full and fair record and support his conclusion with substantial evidence on this point just as he would on any other.") (citation and footnote omitted); *Walker v. Barnhart*, 83 Soc. Sec. Rep. Serv. 693, 714 (N.D. Iowa 2002) ("At this stage, the burden of proof is on the claimant to show alcoholism or drug addiction is not a material factor to the finding of disability. Nevertheless, it is the ALJ's duty to fully and fairly develop the record, particularly when the medical evidence already in the record fails to provide a sufficient basis to support a decision favorable to the Commissioner.") (citations omitted).

[7] Arguably, the administrative law judge had no duty to consider – let alone provide a rational explanation for rejection of – Williams's opinions inasmuch as Williams was a licensed social worker, a category of practitioner not among those recognized as an "acceptable medical source[] to establish whether [a claimant has] a medically determinable impairment(s)[.]" 20 C.F.R. §404.1513(a). However, even assuming *arguendo* that the administrative law judge therefore did not err in rejecting Williams's opinions, he was obliged to explain the weight given to Dr. Moran's 2003 opinions. *See* 20 C.F.R. § 404.1527(f)(2)(ii) ("Unless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us.").

issue. *See* Record at 325-26, 328-29.[8] He readily could have, but did not, seek an opinion from Dr. Moran or another consultant as to the extent (if at all) to which the plaintiff's marijuana usage impacted his functioning, including ability to concentrate on work-related tasks.

Nor, as the plaintiff points out, *see* Statement of Errors at 8-9, does the second basis for dismissing these findings survive substantial-evidence scrutiny. The administrative law judge reasoned that the Williams and Moran 2003 findings regarding concentration were at odds with Williams's acknowledgement that the plaintiff could readily complete one- and two-step tasks. *See* Record at 39, 261. Yet such a capacity is not necessarily inconsistent with marked impairment in concentration, persistence or pace. *See, e.g.*, Listing 12.00(C)(3) ("We do not define 'marked' by a specific number of tasks that you are unable to complete, but by the nature and overall degree of interference with function. . . . [I]f you can complete many simple tasks, we may nevertheless find that you have a marked limitation in concentration, persistence, or pace if you cannot complete these tasks without extra supervision or assistance, or in accordance with quality and accuracy standards, or at a consistent pace without an unreasonable number and length of rest periods, or without undue interruptions or distractions."); *see also, e.g., Reed v. Barnhart*, 399 F.3d 917, 921 (8th Cir. 2005) ("A marked limitation in the ability to maintain attention and concentration for extended periods is not inconsistent with an ability to remember locations or work-like procedures, or understand, remember, and carry out very short and simple instructions.").[9]

For at least two reasons, I am not persuaded that these errors were harmless:

---

[8] The administrative law judge stated that he would seek an updated opinion because the plaintiff's case was "a close one, because you are functioning in several different areas on a fairly high level." Record at 328.

[9] At oral argument, counsel for the commissioner contended that the administrative law judge rejected the 2003 Moran and Williams reports on two additional bases: inconsistency with the plaintiff's activities of daily living and inconsistency with Dr. Moran's own Global Assessment of Functioning (or "GAF") score. While the administrative law judge did discuss these issues, I do not construe him to have done so in the context of discrediting the 2003 Williams and Moran reports. *See* Record at 39.

      1.     The non-examining DDS consultants whose MRFC assessments most closely match the MRFC adopted by the administrative law judge, Drs. Knox and Houston, *compare* Finding 5, Record at 41 *with id*. at 192, 210, did not have the benefit of a substantial amount of evidence now of record, including records documenting a six-day inpatient psychiatric hospitalization in April 2003, *see, e.g., id*. at 235-42, subsequent outpatient-treatment records, *see, e.g., id.* at 250-58, and the 2003 Moran and Williams reports, *see id*. at 259-80. One cannot be confident that, had Drs. Knox and Houston seen these later materials, their assessments would have remained unchanged. Under the circumstances, it is doubtful that the DDS reports can stand as substantial evidence of the plaintiff's MRFC. *See, e.g., Quintana v. Commissioner of Soc. Sec*., 110 Fed. Appx. 142, 144 (1st Cir. 2004) (greater reliance on reports of non-examining, non-testifying consultants is warranted when those consultants review the reports of examining and treating doctors and support their conclusions with reference to medical findings); *Rose v. Shalala*, 34 F.3d 13, 18 (1st Cir. 1994) ("[T]he amount of weight that can properly be given the conclusions of non-testifying, non-examining physicians will vary with the circumstances, including the nature of the illness and the information provided the expert. In some cases, written reports submitted by non-testifying, non-examining physicians cannot alone constitute substantial evidence, although this is not an ironclad rule.") (citations and internal quotation marks omitted).[10]

      2.     The administrative law judge relied on vocational-expert testimony to meet the commissioner's Step 5 burden of establishing that the plaintiff retained the capacity to perform work existing in significant numbers in the national economy. *See, e.g*., Record at 332-34. However, errors

---

[10] Nor, for that matter, can the 2002 Moran report, on which Drs. Knox and Houston relied, *see* Record at 188, 206, stand as substantial evidence in view of the fact that it was effectively updated by Dr. Moran's 2003 report and MRFC assessment. While Dr. Moran in 2002 assessed the plaintiff as only moderately impaired in concentration, persistence or pace, he assessed him in 2003 as moderately to markedly/frequently impaired in that sphere. *Compare id*. at 174-75 *with id*. at 277-78. As discussed above, the
*(continued on next page)*

in hypothetical questions propounded to a vocational expert undermine the relevance of that expert's testimony. *See, e.g., Arocho v. Secretary of Health & Human Servs.*, 670 F.2d 374, 375 (1st Cir. 1982) (responses of vocational expert are relevant only to extent offered in response to hypotheticals that correspond to medical evidence of record; "To guarantee that correspondence, the Administrative Law Judge must both clarify the outputs (deciding what testimony will be credited and resolving ambiguities), and accurately transmit the clarified output to the expert in the form of assumptions."). Inasmuch as the predicate for the vocational expert's testimony – the administrative law judge's MRFC finding – is questionable, the testimony is as well.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the case **REMANDED** for further proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 24th day of May, 2005.

>  /s/ David M. Cohen
>  David M. Cohen
>  United States Magistrate Judge

---

administrative law judge's attempt to discredit Dr. Moran's 2003 finding does not survive substantial-evidence scrutiny.

9